# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| COURTNEY PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:19-cv-1200 (RDA/TCB) |
| | ) |
| CITY OF ALEXANDRIA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant City of Alexandria's ("Defendant") petition for fees and declaration in support (Dkt. 38). For the reasons articulated below, Defendant's fee petition is granted in full.

### I. BACKGROUND

Defendant filed a motion to compel on April 20, 2020. (Dkt. 32.) After briefing, the Court entered a memorandum opinion and order on May 5, 2020 granting, in relevant part, the motion to compel and Defendant's request for an award of reasonable fees pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (Dkt. 37.)[1] The Court further ordered Defendant to "submit a fee petition and declaration in support thereof outlining the reasonable expenses incurred in making the instant motion, including attorney's fees, within fourteen (14) days of the date of this Order." (*Id.* at 7.)

Defendant complied with the Court's order and submitted its fee petition on May 14.

---

[1] Because the Court outlined the facts giving rise to the motion and its reasoning for awarding reasonable fees in detail in its memorandum opinion, it is unnecessary to reiterate that information here. (*See* Dkt. 37.)

1

(Dkt. 38.) Plaintiff Courtney Price ("Plaintiff") filed a response on May 18 (Dkt. 39), and Defendant filed a reply on May 19 (Dkt. 40). This matter is now ripe for disposition, and the Court issues this memorandum opinion to determine Defendant's reasonable fees.

## II. ANALYSIS

In granting an award of attorneys' fees, the court must determine the lodestar figure by multiplying the reasonable number of expended hours times the reasonable rate. *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). Deciding what is "reasonable" is within the district court's discretion, but must be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243-44. The Court finds that the first, fifth, eighth, and ninth factors are pertinent here, and the remaining factors are insignificant.

First, the Court will address the time and labor expended on the matter. Attorneys at Greenberg Traurig, LLP represent Defendant and spent 7.6 hours of work on this matter. (Dkt. 38-1 ("Gambin-o Decl.") ¶¶ 1, 4, 6.) A breakdown of the hours and attorneys' fees is as follows:

| Attorney or Staff | Hours | Hourly Fee | Total Sum |
|---|---|---|---|
| Michelle Gambino | 2.7 | $510.00 | $1,378 |
| Michael Hass | 2.5 | $325.00 | $812.50 |
| Woody Angle | 2.4 | $310.00 | $744.00 |
| **TOTAL** | **7.6** | - | **$2,934.50** |

(*Id.* ¶¶ 4, 6.)

The Court has reviewed the billing entries for this matter. (*See id.* ¶ 6.) Upon review, the billing entries and the work performed are entirely reasonable. The work included (1) drafting and revising the motion to compel, memorandum in support, and notice of hearing; (2) reviewing the discovery responses Defendant received after filing its motion to compel; and (3) drafting and preparing a reply brief to update the Court.[2] (*Id.*) These actions are precisely what the Court expects counsel to undertake in the process of filing a motion to compel and presenting relevant updates to the Court. The Court did not find a single superfluous or unnecessary time entry.

Plaintiff argues that Defendant submitted fees in excess of what was needed to file its motion to compel. (*See* Dkt. 39 at 2-3.) Specifically, Plaintiff argues that the Court should not award fees for "the work of reviewing the discovery responses as time attributed to making the motion to compel" because Defendant's counsel would have reviewed the discovery responses regardless of the motion. (*Id.* at 2 (internal quotation marks omitted).) The Court finds to the contrary. After Defendant filed the motion to compel, Plaintiff's counsel served responses to Defendant's interrogatories and requests for production of documents. When Defendant's counsel contacted Plaintiff's counsel about various deficiencies in those responses, Plaintiff's counsel submitted supplemental responses several days later. After still finding the supplemental responses deficient, Defendant comprehensively updated the Court in its "reply." In other words, Plaintiff's (twice) deficient discovery responses required Defendant to file a reply brief including an outline of information Plaintiff had not yet provided. Had Plaintiff filed complete and

---

[2] As outlined in the Court's memorandum opinion, Plaintiff filed a belated response to Defendant's motion to compel *after* Defendant had already filed a "reply" brief. Defendant therefore independently updated the Court in detail on what Plaintiff had provided and the remaining deficiencies.

3

informative responses on time, Defendant's review of the responses would not be the subject of this fee petition. (*See* Dkt. 40 at 2 ("Thus, the City is ONLY seeking to recover the costs associated with having to file the motion and determining and informing the court in the Reply what remained lacking.").) Therefore, Defendant's time reviewing the deficient discovery responses is precisely contemplated under Rule 37 and the Court's order requiring Defendant to submit its incurred fees "in making the instant motion." (*See* Dkt. 37 at 7.)

Plaintiff also argues that 4.6 hours to prepare the motion and 1.7 hours to revise the motion and compile exhibits is excessive. (Dkt. 39 at 2.) Again, to the contrary, the Court finds this amount of time reasonable. Defendant submitted a thorough and informative motion, including the necessary exhibits and important background information regarding the steps Defendant's counsel took to avoid filing the motion to compel in the first place. Further, upon review of the billing entries, the attorneys staffed the matter efficiently such that the attorneys with the lower billing rates—Mr. Hass and Mr. Angle—performed approximately two-thirds of the work. (*See* Gambino Decl. ¶ 6.)

Next, the fifth factor requires the Court to look at customary fees in like work. To aid in this analysis, the Court will consider the United States Attorney's Office ("USAO") Attorney's Fee Matrix as a helpful guide.[3] *See Brown v. Transurban USA, Inc.*, 318 F.R.D. 560, 575-76 (E.D. Va. 2016) (finding that the USAO Matrix is useful in determining reasonable attorneys' fees and that "other courts in the Fourth Circuit have used" the Matrix (citing *In re Neustar, Inc.*, No. 1:14cv885 (JJC/TRJ), 2015 WL 8484438, at *10 n.6 (E.D. Va. Dec. 8, 2015))). The current, relevant rates are as follows:

---

[3] The matrix is hosted on the USAO's website for the District of Columbia. *See USAO Attorney's Fees Matrix—2015-2020*, U.S. DEP'T JUST., https://www.justice.gov/usao-dc/page/file/1189846/download (last visited May 19, 2020).

| Years' Experience | Hourly Rate |
|---|---|
| 15-20 years | $566.00 |
| 11-15 years | $510.00 |
| 2-3 years | $353.00 |

Here, comparing the attorneys' relevant billing rates—$510.00, $325.00, and $310.00 per hour, respectively—to the above fee estimations, the attorneys' billing rates are all lower than the approximate fees called for by the Matrix. Moreover, Ms. Gambino submits in her declaration, and the Court agrees, that the hourly fees charged by Greenberg Traurig in this matter are substantially lower than the rates billed by attorneys with similar levels of experience in similar firms. (Gambino Decl. ¶ 5.) Ms. Gambino notes that the firm discounted its rates in this matter because it is representing the City of Alexandria. (*Id.*) Under this factor, the Court finds Defendant's hourly fees reasonable.

Next, the eighth factor—the results obtained by the attorneys—further justify awarding Defendant's requested fees. As outlined in this Court's previous memorandum opinion, Defendant's counsel took significant efforts to avoid filing the motion to compel, including multiple attempts to communicate with Plaintiff's counsel and even voluntarily giving Plaintiff's counsel an extension. When those steps failed, Defendant resorted to filing the motion to compel. The correspondence the Court reviewed demonstrated that Defendant's counsel acted professionally while protecting the client's interests in light of its shortly approaching discovery deadlines.

Finally, the ninth factor—the experience, reputation, and ability of the attorneys—is helpful to consider here. Ms. Gambino has approximately twenty years of experience. (*Id.* ¶ 2.) According to her online profile, Ms. Gambino has significant experience in complex civil litigation in the areas of employment law, real estate and land use, construction, fiduciary

litigation, and even toxic torts.[4] Mr. Hass, of counsel, has approximately twelve years of legal experience and he also specializes in complex commercial litigation.[5] Finally, Mr. Angle, the associate staffed on this matter, has approximately three years of legal experience and specializes in commercial litigation and employment disputes.[6] As this is an employment discrimination lawsuit, the Court finds that Defendant's attorneys' experience and ability support an award of reasonable fees.

In sum, upon consideration of the relevant factors, the Court finds that Defendant's fee submission of $2,934.50 is reasonable and will accordingly award it in full.

### III. ORDER

It is hereby ORDERED that Defendant's fee petition (Dkt. 38) is GRANTED. Plaintiff shall pay Defendant's reasonable fees of $2,934.50 within twenty (20) days of the date of this Order.

ENTERED this 19th day of May, 2020.

                                                            /s/
                                  THERESA CARROLL BUCHANAN
                                  UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia

---

[4] *See* https://www.gtlaw.com/en/professionals/g/gambino-michelle-d.

[5] *See* https://www.gtlaw.com/en/professionals/h/hass-michael-a.

[6] *See* https://www.gtlaw.com/en/professionals/a/angle-robert-woody.